UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| North Central Electric Cooperative Inc., | Case No. 3:16-cv-1890 |
| Plaintiff | |
| v. | MEMORANDUM OPINION |
| Linde LLC, | |
| Defendant | |

This matter is before me on Defendant Linde's motion to stay discovery. (Doc. No. 10). Also before me are Plaintiff North Central Electric Cooperative's motion to strike, deny, or convert Linde's motion to dismiss and request for an extension of time to respond to Linde's motion to dismiss if I decide it stands. (Doc. No. 14). The matter has been fully briefed. (Doc. Nos. 17 & 20).

For the reasons that follow, North Central's motion to strike Linde's Exhibit 2 is granted. (Doc. No. 14; *see* Doc. No. 9-3). North Central's motion to strike Linde's Exhibits 1 and 3 is denied with respect to the fraudulent inducement claim, but granted with respect to the breach of contract claim. (Doc. No. 14; *see* Doc. Nos. 9-2 & 9-4). North Central's motion to strike or deny Linde's motion to dismiss on procedural grounds or to convert Linde's motion to dismiss to a motion for summary judgment is denied. (Doc. No. 14). And Linde's motion to stay discovery pending resolution of the motion to dismiss is granted. (Doc. No. 10).

## BACKGROUND

This case arises out of the contractual relationship between Linde and North Central. The parties entered into an agreement for the purchase of power for Linde's Fostoria facility, effective February 1, 2015. (Doc. No. 1 at ¶ 79). Incorporated into this agreement was Rate Schedule A-33

and successor rate schedules, which defined Linde's payment obligations. (*Id.* at ¶¶ 80, 82, & 83). Per the agreement, Linde would be assessed two different rates – one for power used while in standby mode and one for power used while in production mode. (*Id.* at ¶¶ 84-85). Linde operated its facility from February 16, 2015 through May 14, 2015. (*Id.* at ¶ 93). Linde again operated its facility from June 30, 2015 through August 21, 2015. (*Id.* at ¶¶ 105 & 116). In December 2015, Linde asked to terminate the contract. (*Id.* at ¶ 126). North Central has since demanded payment for peak demand charges it claims Linde incurred while operating its facility. (*Id.* at ¶ 142). Linde has refused to pay those charges. (*Id.*).

## DISCUSSION

Linde filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 9), followed by a motion to stay discovery pending resolution of the motion to dismiss (Doc. No. 10). North Central now moves to strike three of Linde's exhibits, strike the motion to dismiss, or convert the motion to dismiss to a summary judgment motion. (Doc. No. 14). North Central also opposes the motion to stay discovery. (*Id.*).

**Motion to Strike, Deny, or Convert**

Linde attached to its motion to dismiss the parties' 1998 Agreement, Rate Schedule I-15, and a report on Ohio's electricity markets. (Doc. Nos. 9-2, 9-4, & 9-3). North Central claims these exhibits are neither attached to the complaint nor central to its claims and so asks me to strike or deny Linde's motion to dismiss in its entirety. (Doc. No. 14 at 9-10). North Central alternatively requests that I exclude these exhibits and Linde's arguments based upon them. (*Id.* at 10-12). As a further alternative, North Central asks that I convert Linde's motion to dismiss to a motion for summary judgment and give North Central time to complete discovery before opposing the motion and filing its own summary judgment motion. (*Id.* at 12-14).

In ruling on a Rule 12(b)(6) motion, I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to

2

defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." And if I convert the motion to dismiss to a motion for summary judgment, I must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

I turn first to Linde's second exhibit, *Understanding Electricity Markets in Ohio*. (Doc. No. 9-3). Linde offers this exhibit as a means of providing me with background information relating to the subject matter of the contract at issue in this case. (Doc. No. 17 at 8). Linde notes that other courts have considered such academic works when addressing motions to dismiss. (*Id.*). I agree that other courts have done so. But here, this report does not meet the requirements for me to consider it as part of Linde's motion to dismiss. It is not referenced in the complaint, and, as it is offered for only background information, it is not central to the claims contained in the complaint. *See Bassett*, 528 F.3d at 430. As such, this exhibit is stricken. (*See* Doc. No. 9-3).

But Linde's first and third exhibits, the 1998 Agreement and Rate Schedule I-15, are referenced no fewer than five times in the complaint. (Doc. No. 1 at ¶¶ 63, 72, 77, 78, & 185). Four of those references are provided as background information. (*Id.* at ¶¶ 63, 72, 77, & 78). But North Central relies on "Linde's prior course of conduct of paying residual demand charges under the [1998 Agreement]" to prove Linde knew it was obligated to those same charges under the 2015 Agreement. (*Id.* at ¶ 185). This is integral to the fraudulent inducement claim, as one element of that claim is that the inducer either knew it made a false representation or utterly disregarded the truthfulness of its representation. *See Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. 2007). Because the 1998 Agreement and Rate Schedule I-15 are both mentioned in the complaint and are

3

central to the fraudulent inducement claim, I may consider these exhibits pursuant to the motion to dismiss the fraudulent inducement claim. *See Bassett*, 528 F.3d at 430; Fed. R. Civ. P. 12(d).

But in its motion to dismiss, Linde uses the 1998 Agreement and Schedule Rate I-15 to attack North Central's breach of contract claim. (Doc. No. 9 at 16-17). These exhibits are not central to that claim. Only the 2015 Agreement and its incorporated rate schedules are central to the breach of contract claim. When the language of a contract is clear, a court may not look to evidence outside the contract to determine the parties' intent. *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 404 (2011). Only when a contract's language is unclear or ambiguous may extrinsic evidence be considered. *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St.3d 635, 638 (1992). The motion to dismiss has not yet been fully briefed, so I make no determination regarding the clarity of the contract language at this time. But should I find the contract language unclear or ambiguous, thus opening the door to extrinsic evidence, that would signal a need for discovery and transform the issue into one more suitably resolved through a summary judgment motion. Therefore, with respect to the breach of contract claim, I strike the 1998 Agreement and Rate Schedule I-15, as well as Linde's arguments related to those documents.

Because I have stricken Linde's exhibits as appropriate, I need not strike or deny on procedural grounds Linde's motion to dismiss in its entirety. Nor will I convert Linde's motion to dismiss to a motion for summary judgment.

**Motion to Stay Discovery**

Immediately after filing its motion to dismiss, Linde filed a motion to stay discovery pending resolution of the motion. (Doc. No. 10). Linde argues it should not have to expend time and money engaging in discovery when the dispute here may be resolved as a matter of law. (*Id.* at 2).

North Central opposes the motion to stay discovery, claiming Linde is impermissibly attempting to avoid engaging in discovery detrimental to its case prior to the motion's resolution.

4

(Doc. No. 14 at 4). North Central also argues that its claim for fraudulent inducement cannot be resolved as a matter of law, thus making a stay on discovery inappropriate for that claim. (*Id.* at 5-6).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Id.* (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)) (internal quotation marks omitted).

Here, North Central has asserted claims for breach of contract, unjust enrichment, fraudulent inducement, and declaratory judgment. (Doc. No. 1). Linde has moved to dismiss all of these claims under Rule 12(b)(6). (Doc. No. 9). Despite North Central's assertions to the contrary, all of these claims may be resolved with a motion to dismiss. *See, e.g.*, *Keating v. America's Wholesale Lender*, 2001 WL 2471731 (N.D. Ohio 2011). And because a successful motion to dismiss could significantly alter the landscape of the claims going forward, any discovery completed now may soon prove to be unnecessary. As such, I find it appropriate to stay discovery pending the resolution of Linde's motion to dismiss.

## CONCLUSION

Accordingly, I grant North Central's motion to strike Linde's Exhibit 2. (Doc. No. 14; *see* Doc. No. 9-3). I deny North Central's motion to strike Linde's Exhibits 1 and 3 with respect to the fraudulent inducement claim, but I grant the motion with respect to the breach of contract claim. (Doc. No. 14; *see* Doc. Nos. 9-2 & 9-4). I deny North Central's motion to strike or deny Linde's motion to dismiss on procedural grounds or to convert Linde's motion to dismiss to a motion for summary judgment. (Doc. No. 14). I grant Linde's motion to stay discovery pending resolution of the motion to dismiss. (Doc. No. 10).

5

Linde has fourteen days from the filing of this opinion to amend its motion to dismiss according to the rulings set forth above. North Central will then have fourteen days to respond, and Linde will have fourteen days to reply.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge